# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JUSTIN M. BLEDSOE,                                                                              PLAINTIFF
ADC #149834

v.                                      5:19CV00279-BSM-JTK

WENDY KELLEY, et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such

a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Justin Bledsoe is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action, alleging improper medical care by Defendants Kelley and Moody. (Doc. No. 2)   By Order dated August 30, 2019, this Court granted Plaintiff's Motion to Proceed in forma pauperis and granted him thirty days in which to submit an Amended Complaint, noting that he submitted only a copy of a grievance rather than a written complaint. (Doc. No. 4)

Plaintiff has now submitted an Amended Complaint (Doc. N. 6). Construing together the Amended Complaint and the grievance he originally submitted, the Court finds

his case should be dismissed, for failure to state a claim upon which relief may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

### III.   Facts and Analysis

In his Amended Complaint, Plaintiff referred only to named Defendant Moody and stated that she "denied medical services, negligence, violated 8th amendment deliberate indifference" to him via a telemedicine call on October 25, 2019. (Doc. No. 6, p. 4) (However, the grievance he attached originally indicated the date as October 25, **2018**. Doc. No. 2, p. 5) He stated that he went to sick call for pain above his knee cap and Defendant Moody ordered an ultrasound to rule out a blood clot, to follow up at sick call, and diagnosed him with arthritis and prescribed a vaper cream medicine. (Doc. No. 6, p. 4) He later found out that he had a blood clot and was given a cane and forced to walk up steps every day. (Id.) Plaintiff complained of continued pain and no medical treatment. (Id.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Initially, the Court finds that both Defendant Kelley, and the unnamed Defendant Administrator listed in his Amended Complaint, should be

dismissed, because Plaintiff did not allege they committed any unconstitutional acts.[1] In addition, to the extent that he sued them because of their supervisory positions, they should be dismissed because supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). Since Plaintiff did not allege any such knowledge or personal involvement by these Defendants, they should be dismissed.

The allegations against Defendant Moody also do not support a constitutional claim for relief. To support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

In the Amended Complaint, Plaintiff admitted that Moody ordered an ultrasound to rule out a blood clot. The grievance he filed as an Original Complaint indicated that the

---

[1] In the August 30, 2019 Order, the Court provided Plaintiff with specific directions about what facts he should include in an Amended Complaint. (Doc. No. 4, pp. 4-5)

ultrasound was conducted October 31, 2018 and revealed a clot for which he was treated by non-party Dr. Daniel. (Doc. No. 2, p. 5) Plaintiff did not allege any other contact or communication with Defendant Moody, and though he complained he was forced to walk up steps and did not receive proper medical treatment, he did not attribute any of those actions to Defendant Moody. Therefore, the Court finds that Plaintiff's allegations against all Defendants fail to support a constitutional claim for relief, and that his Complaint should be dismissed.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    This dismissal constitute a "strike" within the meaning of the PLRA.[2]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 30th day of September, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE